UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-22214-CIV-O'SULLIVAN

[CONSENT]

JOYERIA PARIS, SRL,

    Plaintiff,

v.

GUS & ERIC CUSTOM SERVICES,
INC. and GUSTAVO ESCOBAR,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Motion to Dismiss Amended Complaint (DE# 15, 10/25/13).

## BACKGROUND

On October 10, 2013, the plaintiff filed a three-count amended complaint for: breach of contract, fraud and a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204. See Amended Complaint (DE# 11, 10/10/13). The defendants moved to dismiss all three counts of the Amended Complaint (DE# 11, 10/10/13). See Motion to Dismiss Amended Compliant (DE# 15, 10/25/13).[1] On October 28, 2013, the plaintiff filed its response in opposition. See Plaintiff's Response Opposing Defendants' Motion to Dismiss Amended Complaint (DE# 16, 10/28/13). No reply was filed. This matter is ripe for consideration.

---

[1] On the same day, the defendants filed two motions to dismiss on the CM/ECF system. The Court will deny as moot the earlier filed motion (DE# 14).

## **STANDARD OF REVIEW**

The defendants move to dismiss all three counts of the Amended Complaint (DE# 11, 10/10/13) for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In considering a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), the Court's analysis is generally limited to the four corners of the complaint and the attached exhibits. See Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must accept the non-moving party's well-plead facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc); St. Joseph's Hosp., Inc. v. Hosp. Corp. of Am., 795 F.2d 948, 953 (11th Cir. 1986)).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The issue to be decided is not whether the plaintiff will ultimately prevail, but "whether the [plaintiff] is entitled to offer evidence to support the claims." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984)).

The defendants further ask the Court to compel the plaintiff to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## ANALYSIS

**1.     Motion to Dismiss**

    **a.     Breach of Contract (Count I)**

The elements of a cause of action for breach of contract are: "(1) a valid contract; (2) a material breach and (3) damages." <u>Kaloe Shipping Co. v. Goltens Serv. Co.</u>, 315 Fed. App'x 877, 880 (11th Cir. 2009). In Florida, oral contracts are valid and enforceable, but are "subject to the basic requirements of contract law such as [an] offer, acceptance, consideration and sufficient specification of essential terms." <u>St. Joe Corp. v. McIver</u>, 875 So. 2d 375, 381 (Fla. 2004).

The defendants argue that the plaintiff has failed to state a cause of action for breach of contract because "[t]here are no facts contained in the present complaint which demonstrate which defendant entered into any formal contract with the plaintiff" and "[t]here is no contention as to any specific terms contained in a written contract, oral contract, or that there exists some other form of contractual obligation amongst the parties . . . only a reference to a generic and nebulous 'agreement' is mentioned." Motion to Dismiss Amended Complaint (DE# 15 at 3, 10/25/13). The defendants further argue that the plaintiff has failed to attach a copy of the alleged contract to the Amended Complaint (DE# 11, 10/10/13).

The Amended Complaint (DE# 11, 10/10/13) states that:

> 8.     Defendants have for several years served as a broker for the Plaintiff selling the Plaintiff's gold to customers located in Florida **pursuant to an oral agreement** between the Plaintiff and both Defendants. The terms of the agreement between the Plaintiff and both Defendants is [sic] that the Defendants would sell Plaintiff's gold and would receive an agreed upon half of one percent of each sale as their

3

> commission.
>
> 9. The parties entered into many transactions under these contractual terms and for some time the transactions went smoothly, but Plaintiff began to notice that the Defendants were not only taking their commission from each sale, but were retaining the entire portion of the proceeds of the sales.
>
> 10. Defendants have breached their agreement with the Plaintiff and at the same time stolen the Plaintiff's money which Defendants were never entitled to keep as their own. A detailed chart showing that the amount of $373,892.04 is owed by the Defendants is attached hereto.

Id. at ¶¶ 8-10 (emphasis added). Count I incorporates by reference paragraphs 1 through 11 of the Amended Complaint (DE# 11, 10/10/13). Id. at ¶12. Therefore, the plaintiff has alleged the existence of an oral contract between the parties, a material breach by the defendants in retaining all of the sales proceeds and damages in the amount of $373,892.04. Moreover, because the plaintiff has pled the existence of an oral contract, the Court finds no merit in the defendants' argument that the plaintiff must attach documents establishing the existence of a contract. See Motion to Dismiss Amended Complaint (DE# 15 at 3, 10/25/13). Accordingly, the defendants' motion to dismiss the breach of contract claim is **DENIED**.

    **b.**    **Fraud (Count II)**

In order to state a cause of action for common law fraud under Florida law, the plaintiff must allege the following:

> (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person.

State Farm Mut. Auto. Ins. Co. v. Physicians Injury Care Ctr., Inc., 427 F. App'x 714,

720 (11th Cir. 2011) (quoting <u>Gandy v. Trans World Computer Tech. Grp.</u>, 787 So.2d 116, 118 (Fla. 2d DCA 2001)).

The defendants argue that the plaintiff has failed to state a cause of action for fraud because the plaintiff has: (1) "not distinguished which defendant had made false statements," or identified the exact statements and alleged misrepresentations, the time and place of each misrepresentation and the substance of the misrepresentations. <u>See</u> Motion to Dismiss Amended Compliant (DE# 15 at 5, 10/25/13). The defendants further note that the fraud count is inconsistent with other allegations in the amended complaint in that the plaintiff alleges both (1) that the defendants induced the plaintiff into entering into a business relationship based upon false and misleading representations and (2) that the business transactions between the parties proceeded without incident, at least for a period of time. <u>Id.</u> The defendants also argue that the plaintiff's claim for fraud is barred by the economic loss rule. <u>Id.</u> at 6 (stating that "[w]hen the fraud relates to the performance of the contract, the economic loss rule will limit the parties to their contractual remedies.").

The plaintiff maintains that it has adequately pled a fraud claim because it has alleged that: (1) the "[d]efendants made a false statement . . . that they would accept a half percentage commission on sales of the [p]laintiff's gold;" (2) the defendants made this representation knowing it was false "as they intended upon taking the [p]laintiff's money over and above any agreed upon commission once the [p]laintiff entrusted the [d]efendants to carry out large transactions for the [p]laintiff;" (3) that at some unknown date "upon the commencement of the parties' relationship and prior to any of the transactions which are the subject of this action," defendant Escobar misrepresented

5

that the defendants would accept "half of one percent of each transaction" in order to induce the plaintiff to do business with the defendants and (4) that the plaintiff relied on this misrepresentation and suffered damages in the amount of $373,892.04. See Amended Complaint (DE# 11 at ¶¶17-19, 21, 10/10/13). The plaintiff further argues that "the economic loss rule in Florida no longer exists outside the context of products liability litigation." Plaintiff's Response Opposing Defendants' Motion to Dismiss Amended Complaint (DE# 16 at 5, 10/28/13) (citing Tiara Condo. Ass'n v. Marsh & McLennan Cos., 110 So. 3d 399 (Fla. 2013)).

In Tiara, the Florida Supreme Court "limit[ed] the application of the economic loss rule to cases involving products liability . . . ." Tiara, 110 So. 3d at 407. However as Justice Pariente's concurrence noted:

> The majority's conclusion that the economic loss rule is limited to the products liability context does not undermine Florida's contract law or provide for an expansion in viable tort claims. **Basic common law principles already restrict the remedies available to parties who have specifically negotiated for those remedies**, and, contrary to the assertions raised in dissent, **our clarification of the economic loss rule's applicability does nothing to alter these common law concepts**. For example, in order to bring a valid tort claim, a party still must demonstrate that all of the required elements for the cause of action are satisfied, **including that the tort is independent of any breach of contract claim.** See Lewis v. Guthartz, 428 So.2d 222, 224 (Fla.1982) (holding that there must be a tort "distinguishable from or independent of [the] breach of contract" in order for a party to bring a valid claim in tort based on a breach in a contractual relationship); Elec. Sec. Sys. Corp. v. S. Bell Tel. & Tel. Co., 482 So.2d 518, 519 (Fla. 3d DCA 1986) ("[A] breach of contract, alone, cannot constitute a cause of action in tort . . . . **It is only when the breach of contract is attended by some additional conduct which amounts to an independent tort that such breach can constitute negligence."** (citations omitted)).

Id. at 408-09 (emphasis added). In the instant case, the alleged fraud, a false representation that the defendants "would accept a half percentage commission on

6

sales of the [p]laintiff's gold," is the same conduct that makes up the defendants' alleged breach of the parties' oral contract. Accordingly, the plaintiff has failed to allege a cause of action for fraud independent of its breach of contract claim. See Freeman v. Sharpe Res. Corp., No. 6:12-cv-1584-Orl-22TBS, 2013 WL 2151723, at *8 (M.D. Fla. May 16, 2013) (stating that "[a] plaintiff will not succeed merely by labeling a breach of contract claim 'fraud in the inducement;' rather, the alleged fraud must be separate from the performance of the contract."). Moreover, paragraph 9 of the Amended Complaint (which is incorporated by reference into the plaintiff's fraud count by paragraph 16) states that the parties were already operating under the oral contract when the defendants began keeping more than their contractual share: "**The parties entered into many transactions under these contractual terms and for some time the transactions went smoothly,** but [the p]laintiff began to notice that the [d]efendants were not only taking their commission from each sale, but were retaining the entire portion of the proceeds of the sales." Amended Complaint (DE# 11 at ¶9, 10/10/13) (emphasis added). This allegation undermines the plaintiff's claim of reliance on the defendants' misrepresentation. Accordingly, the undersigned finds that the plaintiff has failed to plead a proper cause of action for fraud.

    c.    **FDUTPA (Count III)**

"To state a[ ] FDUTPA claim, [the plaintiff] must allege (1) a deceptive act or unfair trade practice; (2) causation; and (3) actual damages." Dolphin LLC v. WCI Comty, Inc., 715 F.3d 1243, 1250 (11th Cir. 2013) (citing Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. 2d DCA 2006)). The defendants maintain that the plaintiff has failed to state a cause of action under FDUTPA because the "[f]ailure to pay pursuant

7

to the terms of a[n] alleged contract does not constitute an unfair and deceptive trade practice within the meaning of Florida's Unfair Deceptive Trade Practices Act." See Motion to Dismiss Amended Compliant (DE# 15 at 7, 10/25/13).

"Florida law does not prohibit [a plaintiff] from pursuing a separate FDUTPA claim related to [the defendant]'s alleged breach of the Agreement, so long as the act giving rise to the breach also constitutes an alleged unfair or deceptive trade practice." Rebman v. Follett Higher Educ. Group, Inc., 575 F. Supp. 2d 1272, 1279 (M.D. Fla. 2008) (citing PNR, Inc. v. Beacon Prop. Mgmt., Inc., 842 So. 2d 773, 777 n.2 (Fla. 2003)). "[W]hen considering whether a defendant's actions support a finding of 'unfair methods of competition, unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce,' courts have regarded the concept as 'extremely broad.'" MJS Music Publ'n, LLC v. Hal Leonard Corp., No. 8:06-cv-488-T30EAJ, 2006 WL 1208015, at *2 (M.D. Fla. May 4, 2006) (quoting Hanson Hams, Inc. v. HBH Franchise Co., LLC, No. 03-61198-CIV, 2003 WL 22768687, at *2 (S.D. Fla. Nov. 7, 2003)).

"In order to assert proper FDUTPA claims, [the plaintiffs] must have shown that the acts <u>underlying</u> the breach of contract are, by themselves, unfair or deceptive." Rebman, 575 F. Supp. 2d at 1279 (emphasis in original). In Medimport S.R.L. v. Cabreja, 929 F. Supp. 2d 1302 (S.D. Fla. 2013), for instance, the plaintiff's FDUPTA claim survived a Rule 12(b)(6) challenge because the plaintiff alleged facts showing how the defendant's conduct, which also constituted a breach of contract, was unfair and deceptive:

In its Verified Complaint, [the plaintiff] alleges that "[certain defendants]

8

>  usurped corporate opportunities (e.g., sales) and concealed sales from [the plaintiff]," that [another co-defendant] "interposed itself as Halimed [the plaintiff's registered trademark and trade name] thereby deceiving [the plaintiff]'s suppliers, customers, and the consuming public," and that "[an individual defendant], having knowledge of the contractual relationship among [the plaintiff], [and two other corporate defendants], intentionally managed [one of the corporate defendants] in a manner that was deceptive . . . circumventing [the plaintiff] and unfairly competing with it."

Medimport S.R.L. v. Cabreja, 929 F. Supp. 2d 1302, 1321-22 (S.D. Fla. 2013).

In the instant case, the plaintiff alleges generally that the "[d]efendants' theft/embezzlement of the proceeds of the transactions is an unfair and/or deceptive act" and that defendant Escobar "personally participated in and orchestrated the theft of the funds the [d]efendants received from the sale of [the p]laintiff's gold . . . ." Amended Complaint (DE# 11 at ¶¶ 26-27). Here, the plaintiff uses labels like "theft" and "embezzlement" but does not describe how the defendants' conduct was unfair or deceptive or how defendant Escobar participated in and orchestrated the theft. See Bookworld Trade, Inc. v. Daughters of St. Paul, Inc., 532 F. Supp. 2d, 1350, 1364 (M.D. Fla. 2007) (stating that "[a]lthough a FDUTPA claim 'may arise from a single contract, this principle does not operate to convert every breach of contract into a claim under the Act,' but instead reaches only that conduct which is unfair or deceptive.") (quoting PNR, 842 So.2d at 777 n. 2). Accordingly, the plaintiff has failed to state a cause of action under FDUTPA.

**2.      Defendant Gustavo Escobar's Liability**

The defendants further argue that defendant Escobar cannot be held liable for the actions of the corporate defendant. See Motion to Dismiss Amended Compliant (DE# 15, 10/25/13). The amended complaint alleges that both defendants entered into

9

an ongoing contractual relationship with the plaintiff, that defendant Escobar made a misrepresentation to the plaintiff and defendant Escobar "personally participated in and orchestrated the theft of the funds the [d]efendants received from the sale of [the p]laintiff's gold . . . ." See Amended Complaint (DE# 11 at ¶¶13, 19, 10/10/13). Taking these well-pled facts as true, as the Court is required to do at this juncture, the plaintiff has pled causes of action against defendant Escobar.[2] See West Coast Life Ins. Co. v. Ruth Secaul 2007-1 Ins. Trust, No. 09-81049-CIV-WPD, 2010 WL 27907, at *7 (S.D. Fla. Jan. 5, 2010) (denying motion to dismiss based on the corporate shield doctrine where the plaintiff alleged that the individual defendant personally engaged in actions that were part of a fraudulent scheme to induce the plaintiff to issue insurance policies that it would not have otherwise issued).

**3.      Motion for More Definite Statement**

Alternatively, the defendants seek a more definite statement. "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8 does not require "detailed factual allegations," but "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (internal quotations omitted). "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Ninghai Genius

---

[2] The plaintiff's fraud and FDUTPA claims fail on other grounds. See supra.

Child Product Co. Ltd. v. Kool Pak, Inc., No. 11-61205-CIV, 2012 WL 1203821, at *3 (S.D. Fla. Apr. 11, 2012) (citing FED. R. CIV. P. 12(e)). "Motions for a more definite statement are generally disfavored in the federal system in light of the liberal pleading and discovery requirements of the Federal Rules." Icon Health & Fitness, Inc. v. Ifitness, Inc., No. 12-20125-CIV, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012) (citing Nature's Health and Nutrition, Inc. v. Nunez, No. 08-21328-CIV, 2008 WL 4346329 *1 (S.D. Fla. Sept. 23, 2008)).

With respect to the plaintiff's remaining claim for breach of contract, the defendants do not point to any specific allegations in the Amended Complaint that are vague, ambiguous or unclear. "The purpose of the pleading standards under FED.R.CIV.P. 8 is to strike at unintelligibility rather than want of detail and allegations that are unclear due to a lack of specificity are more appropriately clarified by discovery rather than by an order for a more definite statement." Icon Health & Fitness, Inc. v. Ifitness, Inc., No. 12-20125-CIV, 2012 WL 1120925, at *6 (S.D. Fla. Apr. 3, 2012) (citation and internal quotation marks omitted); see also Wells Fargo Bank NA v. BBMJ, LLC, No. 1:11-cv-00127-MP-GRJ, 2012 WL 441286, at *1 (N.D. Fla. Feb. 10, 2012) (stating that "the purpose of a more definite statement is to rectify unintelligibility in a complaint, not to provide more details that can reasonably be left to discovery."). Accordingly, to the extent the defendants seek a more definite statement with respect to the plaintiff's remaining breach of contract claim, that request is **DENIED**.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Motion to Dismiss Amended Compliant

(DE# 15, 10/25/13) is **GRANTED in part and DENIED in part**. Counts II (fraud) and III (FDUTPA) of the Amended Complaint (DE# 11, 10/10/13) are hereby **DISMISSED without prejudice to re-pled in accordance with this Order**. To the extent the plaintiff wishes to re-plead its fraud and FDUTPA claims, the plaintiff shall file a second amended complaint no later than **Tuesday, January 7, 2014**. It is further

ORDERED AND ADJUDGED that the duplicative Motion to Dismiss Amended Compliant (DE# 14, 10/25/13) is **DENIED as moot**.

DONE AND ORDERED in Chambers at Miami, Florida this **17th** day of December, 2013.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record