UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-22214-CIV-O'SULLIVAN

[CONSENT]

JOYERIA PARIS, SRL,

    Plaintiff,

v.

GUS & ERICK CUSTOM SERVICES,
INC. and GUSTAVO ESCOBAR,

    Defendants,
_____/

## ORDER

THIS MATTER comes before the Court on the Plaintiff's Verified Renewed Motion for Final Judgment (DE # 53, 9/15/14).

## BACKGROUND

On October 10, 2013, the plaintiff filed a three-count amended complaint for breach of contract, fraud and a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.204. See Amended Complaint (DE# 11, 10/10/13). The Court dismissed the fraud and FDUTPA claims without prejudice to replead. See Order (DE# 22, 12/17/13). The plaintiff did not file a second amended complaint.

The parties reached a settlement at mediation on July 2, 2014. See Mediation Report (DE# 50, 7/7/14). The following day, the Court entered an Order dismissing the case with prejudice and retaining jurisdiction until September 1, 2017 to enforce the settlement terms. See Order of Dismissal with Prejudice (DE# 49, 7/3/14).

On September 15, 2014, the plaintiff filed the instant motion seeking the entry of a final judgment against the defendants for breaching the settlement agreement. See Plaintiff's Verified Renewed Motion for Final Judgment (DE # 53, 9/15/14). On October 1, 2014, the defendants filed their response to the instant motion. See Defendant's Response in Opposition to Plaintiff's Motion for Final Judgment (DE# 55, 10/1/14). The plaintiff filed its reply on October 2, 2014. See Plaintiff's Reply Supporting It's [sic] Verified Renewed Motion for Final Judgment (DE# 56, 10/2/14). This matter is ripe for adjudication.

## ANALYSIS

A settlement agreement is a contract and its construction as well as its enforcement are governed by principles of Florida's general contract law. Wong v. Bailey, 752 F.2d 619, 621 (11th Cir. 1985). "The party seeking to enforce a settlement agreement bears the burden of showing the opposing party assented to the terms of the agreement." BP Products North America, Inc. v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007) (citation omitted). The unambiguous language in a contract is to be given a realistic interpretation based on the plain, everyday meaning conveyed by the words. Kipp v. Kipp, 844 So.2d 691, 693 (Fla. 4th DCA 2003). If necessary, because the agreement is unclear, the court shall "'determine the intention of the parties from the language of the agreement, the apparent objects to be accomplished, other provisions in the agreement that cast light on the question and the circumstances prevailing at the time of the agreement.'" Somerset Pharmaceuticals, Inc. v. Kimball, 49 F. Supp. 2d 1335, 1338 (M.D. Fla. 1999)(quoting Schwartz v. Florida Bd. of Regents, 807 F.2d 901, 905 (11th Cir. 1987)).

The settlement agreement entered into by the parties required the defendants to make 36 consecutive, monthly payments of $2,777.77. See Mediation Settlement Agreement (DE# 53 at 3, 9/15/14). The initial payment was due on August 1, 2014. In its verified motion, the plaintiff avers that the defendants breached the settlement agreement by failing the make the initial payment on August 1, 2014. See Plaintiff's Verified Renewed Motion for Final Judgment (DE # 53, 9/15/14). To date, the defendants have made no payments towards the settlement amount. See Plaintiff's Reply Supporting It's [sic] Verified Renewed Motion for Final Judgment (DE# 56 at 1-2, 10/2/14) (stating that on September 5, 2014, the defendants delivered a check for the payments due on August 2014 and September 2014, but the check bounced). In their response, the defendants state that they attempted to make the first payment, but the plaintiff's counsel had moved offices.[1] See

---

[1] The plaintiff's counsel acknowledges that he moved offices, but in mid-August, not when the initial payment was due on August 1, 2014. See Plaintiff's Reply Supporting It's [sic] Verified Renewed Motion for Final Judgment (DE# 56 at 1, 10/2/14).

2

Defendant's Response in Opposition to Plaintiff's Motion for Final Judgment (DE# 55 at 1, 10/1/14). The defendants further state that they will make three payments in the beginning of October, 2014. However, to date, the defendants have made no attempts to cure the breach.

The settlement agreement provides that: "If any payment is not timely received by plaintiff's counsel then plaintiff's counsel may file a motion for final judgment with counsel's affidavit of non-payment, with a judgment being entered against the defendants for $200,000.00 minus any sums paid under this agreement." Mediation Settlement Agreement (DE# 53 at 3, 9/15/14). Because no payment was made by the August 1, 2014 due date, the defendants are in breach of the settlement agreement. Accordingly, the Court will grant the instant motion and enter a separate judgment in the amount of $200,000.00 against the defendants.

## CONCLUSION

Based on the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiff's Verified Renewed Motion for Final Judgment (DE # 53, 9/15/14) is **GRANTED**.

DONE AND ORDERED, in Chambers, in Miami, Florida, this **6th** day of October, 2014.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record